### WILDER v. WILDER ET AL.

APPEAL DOES NOT LIE TO OVERRULING OF MOTION IN PARTITION CAS

Error, and not appeal, lies to the action of the court in overruling a motion for the allowance of attorney fees in a partition case.

W. S. Little, for the motion.

The judgment, or decree, from which an appeal may be taken, is that which finally determines the rights of the parties. It has not been the policy of this state to allow appeals from orders of the court of common pleas in proceedings, after judgment, such as confirmations of, or setting aside sales of real estate and the like. The action of the court of common pleas in such cases, is reviewable only by proceedings in error. McRoberts v. Lockwood, 49 Ohio St. 374, 375 [34 N. E. Rep. 734]; Reeves v. Skenett, 13 Ohio St. 574; Browne v. Wallace, 60 Ohio St. 177, 178 [53 N. E. Rep. 957].

Thos. L. Michie, contra.

## PER CURIAM.

The motion filed in this cause to dismiss the appeal should be granted.

The action in the court of common pleas was one in partition. On the issues joined between the parties the court rendered a final decree determining the rights of the parties on March 28, 1900. From this decree an appeal might have been taken. McRoberts v. Lockwood, 49 Ohio St. 374 [34 N. E. Rep. 734].

On January 22, 1903, Heilker & Heilker filed a motion in said cause for an allowance of attorney fees. This motion was overruled by the court on March 17, 1902; from the overruling of this motion, Heilker & Heilker prosecute this appeal. An appeal does not lie from the action of the court on a motion in an action of this character. Error is the only remedy.